(R.D. 11366)

I. Magnin & Co. (Federated Dept Stores, Inc.)  }  v. United States
H. H. Elder & Co.

(Decided September 28, 1967)

*Glad & Tuttle* for the plaintiffs.
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

Wilson, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the respective parties herein:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That the merchandise covered by the above entitled appeal for reappraisement consists of wooden chairs and other furniture exported from Italy around September 17, 1965, and that, at the time of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely sold or offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values, plus the cost of packing as invoiced, but exclusive of any buying commission.

2. That all the merchandise covered by the appeals for reappraisement was entered subsequent to February 27, 1958.

3. That the merchandise the subject of this stipulation is not included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Sec. 6(a) of the Customs Simplifica-

tion Act of 1956, Public Law 927, 84th Congress, and that said merchandise is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Simplification Act of 1956.

4. That the above entitled appeal for reappraisement may be deemed submitted for decision on the foregoing stipulation.

On the foregoing agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, to be the proper basis for the determination of the value of the merchandise under consideration and that such value is the invoiced unit value of each item, plus the cost of packing as invoiced, but exclusive of any buying commission.

Judgment will issue accordingly.